UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CONTINENTAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FRIENDLY CAB COMPANY, INC., et al.,<br><br>Defendants. | Case No. 18-cv-01786-VC<br><br>**ORDER GRANTING MOTION TO STAY PROCEEDINGS**<br><br>Re: Dkt. No. 22 |

In light of the claim for reimbursement of defense costs included in the amended complaint, Friendly Cab Company, Inc., Friendly Transportation, Inc., and Baljit Singh Mann's ("the Friendly defendants'") motion to dismiss is denied. *See United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113-14 (9th Cir. 2001).

The Friendly defendants' motion to stay this case pending resolution of the underlying state court litigation is granted. Resolution of the coverage question at issue here "turns on facts to be litigated in the underlying action." *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 301 (1993); *see also Great Am. Ins. Co. v. Superior Court*, 178 Cal. App. 4th 221, 235-36 (2009). California law does not clearly resolve whether or under what circumstances a sexual assault occurring within a vehicle operated by a transportation company could constitute harm "resulting from the ownership, maintenance or use of a covered 'auto.'" Am. Compl. Ex. 2, Dkt. No. 26-2 at 44; *see R.A. Stuchbery & Others Syndicate 1096 v. Redland Ins. Co.*, 154 Cal. App. 4th 796, 804-05 (2007); *Am. Nat'l Prop. & Cas. Co. v. Julie R.*, 76 Cal. App. 4th 134, 139-45 (1999); *see also Gradillas v. Lincoln Gen. Ins. Co.*, No. C 12-03697 CRB, 2012 WL 6020094, at *8-10 (N.D. Cal. Dec. 3, 2012). But it does not foreclose the possibility that, under certain

conditions, such an assault could qualify.  *See R.A. Stuchbery & Others Syndicate 1096*, 154 Cal. App. 4th at 804-05.  Notwithstanding National Continental's efforts to cabin the relevant inquiry in its motion for partial summary judgment, the Court cannot determine the scope of coverage here absent additional facts about the assault – facts that are also at issue in the underlying action.

The pending motion for partial summary judgment is denied without prejudice.  A new schedule will be set at a case management conference once the stay is lifted, at which time the motion for partial summary judgment can be rescheduled.  The parties are to notify the Court within 14 days of resolution of the underlying action.

**IT IS SO ORDERED.**

Dated: July 13, 2018

_____
VINCE CHHABRIA
United States District Judge